```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

David J. Widi, Jr.

    v.                                                      Case No. 13-cv-536-SM
                                                            Opinion No. 2014 DNH 083

Strafford County, Raymond Bower,
Warren Dowaliby, Bruce Pelkie,
Grace Weisgarber, Jon Forcier,
and Scott Chabot


**O R D E R**

Plaintiff's Motion to Vacate, document no. 4, is denied. Plaintiff's first argument — that removal is improper because defendants have not been served and because their counsel has not filed an appearance in this case — is legally and factually without merit.  A non-served defendant may remove a case, see 28 U.S.C § 1446(b), and defendants' counsel has, in fact, appeared.  See L.R. 83.6(a) ("The filing of . . . any signed filing . . . constitutes an appearance by the attorney who signs it.").  Notably, by filing their Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (doc. no. 2), defendants waived any objection to lack of service, thus rendering further efforts to serve process unnecessary.  See Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1, 6 (1st Cir. 2011).[1]

---

[1] Because defendants waived service on the same day they filed their Notice of Removal (by filing their Motion to Dismiss), there has been no occasion for pre-service preliminary review of the complaint.

Plaintiff also argues that remand is warranted because he has not received a copy of the Notice of Removal (doc. no. 1). In fact, the record supports plaintiff's averment that he has not received a copy of the removal notice, or at least, it is not clear that he has.  But that is irrelevant.  It is enough that plaintiff received written notice from the Clerk of the Court that the case has been removed.  See Runaj v. Wells Fargo Bank, 667 F. Supp. 2d 1199, 1302 (S.D. Cal. 2009) ("Section 1446(d) does not require 'formal' or 'personal' service of a notice of removal upon a plaintiff; it merely requires 'written notice.'"). Moreover, as evidenced by his timely motion to remand, plaintiff has not been prejudiced.  See Busby v. Capital One, N.A., 759 F. Supp. 2d 81, 86 (D.D.C. Jan. 6, 2011) (finding that lack of prejudice was evidenced by plaintiff's timely filing of motion to remand).  The Motion to Vacate is, therefore, necessarily denied.

One more issue warrants the court's attention.  In his Motion to Vacate, plaintiff stated that he did not receive a copy of defendants' Motion to Dismiss.  Because defendants' attempt to cure that defect — by resending the document to plaintiff at the federal prison in Ray Brook, NY — occurred during plaintiff's transfer from that prison to the federal correctional facility in Berlin, NH, and because plaintiff duly notified the court and defendants that mail received at FCI-Ray Brook during that time might not be forwarded to him, the Clerk of the Court is directed to send copies of the Motion to Dismiss (doc. no. 2), supporting

brief (doc. no. 2-1), and Notice of Removal (doc. no. 1) to plaintiff at FCI-Berlin.  The briefing schedule on the motion to dismiss is extended.  Plaintiff shall file his objection to the Motion to Dismiss no later than June 1, 2014.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 23, 2014

cc:  David J. Widi, Jr., pro se
     Corey M. Belobrow, Esq.