UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

David J. Widi, Jr.,
    Plaintiff

    v.                                           Case No. 13-cv-536-SM
                                              Opinion No. 2014 DNH 187
Strafford County, Raymond Bower,
Warren Dowaliby, Bruce Pelkie,
Grace Weisgarber, Jon Forcier,
and Scott Chabot,
    Defendants


**O R D E R**

Pro se plaintiff, David Widi, currently has three civil cases pending in this forum challenging the conditions of his confinement at either state or federal correctional facilities. In this case, he brings claims arising out of an incident that occurred while he was being held at the Strafford County House of Corrections. He asserts that defendants employed excessive force against him and were then deliberately indifferent to his serious medical needs.

Defendants move to dismiss Widi's complaint on grounds that it fails to set forth the essential elements of any viable claims. For the reasons stated, defendants' motion to dismiss is necessarily denied.

**Standard of Review**

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010).  Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege each of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted).

In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Instead, the facts alleged in the complaint must, if credited as true, be sufficient to "nudge[] [plaintiff's] claims across the line from conceivable to plausible." Id. at 570.  If, however, the "factual allegations in the complaint are too meager, vague, or conclusory to remove

the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." <u>Tambone</u>, 597 F.3d at 442.

## Discussion

Accepting the facts alleged in Widi's complaint as true - as the court must at this stage - the relevant background is as follows. During the course of his detention at the Strafford County House of Corrections, Widi became involved in what he calls a "minor verbal disagreement" with a corrections officer. Complaint (document no. 1-2) at 5. As a consequence, he was transferred to a "dry cell," with no running water or ventilation. As part of Widi's transfer, corrections officers apparently intended to subject him to a strip search - a search that Widi says would have taken place in view of other inmates and at least one female officer. Widi claims he "refused to strip off his clothes in the presence of a female officer and other inmates." <u>Id.</u> In response, says Widi, corrections officers repeatedly sprayed him with pepper spray, covering his face, hands, and clothing, in a manner he claims amounted to the use of excessive force. <u>Id.</u> at 6. He also alleges that although two corrections officers "had the ability and sufficient time to intervene," they elected not to do so. <u>Id.</u> He claims the chemical irritant got in his eyes and respiratory system, "causing him to choke and cough up mucus membrane and blood

through his mouth and nasal passages." Id.  And, because he was confined to a "dry cell," he could not wash his face, eyes, hands, or clothing.

According to Widi, he complained on several occasions to corrections officers that he was in distress, but he says his pleas for help were ignored.  And, because he was not permitted to wash his face and eyes, he says he suffered an asthma attack, causing him to feel as though he were suffocating.  But, rather than render some assistance, the corrections officers taunted him, "joking and laughing at his pain and suffering." Id. at 7.  Widi says he was "forced to endure these conditions for hours until [a corrections officer] had Mr. Widi moved to another cell." Id.  Still, says Widi, his repeated pleas that he be allowed to take a shower and have a clean set of clothing fell on deaf ears.  Consequently, he "continued to experience difficulty breathing from the pepper spray and developed rashes on his body." Id. at 8.  According to Widi, "[t]hese conditions persisted for five days until Mr. Widi was taken to another facility." Id.  He claims that he "was videotaped entering that facility and staff verified on that video that Mr. Widi arrived covered in pepper spray." Id.

Defendants' argument in support of their motion to dismiss is as simple as it is unpersuasive.  They assert that, "[p]laintiff fails to state a claim for relief because he admits he was refusing orders from corrections officers and because correctional authorities do not violate rights by deploying pepper spray when an inmate refuses orders."  Defendants' Memorandum (document no. 2-1) at 2.  Of course, to say that Widi was pepper-sprayed for refusing to comply with an order issued by a corrections officer tells only part of the (alleged) story.  It omits, for example, Widi's claim that he suffered serious medical distress as a consequence and, yet, his pleas for help were ignored.  It also fails to address Widi's claim that he was forced to remain in chemically-soaked clothing for five days because corrections officers allegedly "agreed to make him suffer."  Complaint, at 8.

Defendants' motion to dismiss requires little further discussion.  Their assertion that the use of pepper spray on a recalcitrant inmate does not violate the Eighth Amendment overstates the governing legal precedent by a fair margin.  See, e.g., Burns v. Eaton, 752 F.3d 1136, 1140 (8th Cir. 2014) (collecting cases in which summary judgment for defendants was denied on "excessive force claims based on pepper spraying [that] involved no warning this force would be used, no apparent purpose

5

other than inflicting pain, use of unnecessary 'super-soaker' quantities of the chemical, refusal to allow the victim to wash off the painful chemical for days, and/or use of additional physical force.").

Whether one or more of the defendants employed excessive force will, of course, turn on whether their treatment of Widi was, under the factual circumstances, malicious and sadistic - that is, imposed "for the very purpose of causing harm," (as Widi alleges) - or whether it was part of "a good-faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). See generally Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) ("[W]e hold that whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

Defendants' brief responses to Widi's claim that they were deliberately indifferent to his serious medical needs are equally unavailing.

This is a motion to dismiss, so Widi's account of the relevant facts is necessarily assumed to be accurate. Given that required assumption, the court cannot conclude, as a matter of law, that his complaint fails to state any viable claims against defendants. Accordingly, their motion to dismiss (document no. 2) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 5, 2014

cc:   David J. Widi, Jr., pro se
      Corey M. Belobrow, Esq.