```
               UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

David J. Widi, Jr.

    v.                                                Case No. 13-cv-536-SM

Strafford County DOC, et al.

**REPORT AND RECOMMENDATION**

On September 17, 2019, the parties settled this case at mediation. Approximately three weeks later, after experiencing delays in receiving a settlement check and then being unable to cash the check, plaintiff filed a "Notice of Withdrawal from Settlement Agreement" (Doc. No. 190). Before the court for a Report and Recommendation is defendants' motion to enforce the settlement agreement (Doc No. 191), to which plaintiff has timely objected (Doc. No. 192). For the reasons that follow, the district judge should grant defendants' motion to enforce the settlement agreement.

**Background[1]**

Plaintiff commenced this suit in 2013, alleging that the defendants employed excessive force against him while he was incarcerated at the Strafford County House of Corrections. On

---

[1] The basic facts surrounding the attempted mailing and receipt of the settlement proceeds are not in dispute, except where noted.

September 17, 2019, the parties reached a settlement agreement through a mediation with Judge Laplante. See Sept. 26, 2019 Mediation Report (Doc. No. 189). The parties agreed that plaintiff would release all claims relating to the matter in exchange for defendants' payment of $12,000.00. See Sept. 17, 2019 Release (Doc. No. 191-3).

Although defense counsel had the settlement check in his possession by September 20, 2019, he unfortunately mailed the check to plaintiff's previous address, a post office box. Compounding counsel's error, the relevant mail-forwarding order had expired. Although postal service personnel assured defense counsel that plaintiff's mail would be forwarded, the envelope containing the check was returned to counsel's office as undeliverable on October 3, 2019. The next day, counsel's assistant sent the check to Plaintiff's correct address by FedEx overnight delivery required a signature for receipt verification. On October 5, 2019, FedEx reported a failed delivery attempt. Plaintiff received the check two days later.

Plaintiff brought the check to a Citizen's Bank branch – the bank upon which the check was drawn -- where he alleges that the bank would not accept the check. In his notice of withdrawal, plaintiff states that a teller told him the bank "could not accept the check." Oct. 7, 2019 Notice of Withdrawal from Settlement Agreement (Doc. No. 190) ¶ 5. In his objection

2

to the defendants' motion to enforce, plaintiff states that he attempted to cash the check but was told that the check was "no good" and "not valid."  Nov. 14, 2019 Objection (Doc. No. 192) ¶ 2.  Plaintiff further asserts that the check "cannot be cashiered or deposited."  Id. ¶ 7.  Plaintiff provided no information as to the bank's reasoning and no documentation from the bank concerning its asserted rejection of the check.

Defense counsel represents that the check was issued by the defendants' insurer based on the approval of an adjuster and contained the appropriate information required to issue a valid check.  Counsel surmises that the large amount of the check might have given the bank pause.  See October 11, 2019 Defs'. Mem. (Doc. No. 191-1) at 6-7.

**Analysis**

I. Evidentiary Hearing

There is no dispute that the "court retains an inherent power to supervise and enforce settlement agreements entered into by parties to an action pending before the court."  Dankese v. Def. Logistics Agency, 693 F.2d 13, 16 (1st Cir. 1982).  "A party to a settlement agreement may seek to enforce the agreement's terms when the other party reneges."  Malave v. Carney Hosp., 170 F.3d 217, 220 (1st Cir. 1999).  There are two ways to enforce the agreement.  See id.  First, the party may

3

bring an independent action for breach of contract if the original suit has already been dismissed at the time of the alleged breach. See id. Second – as the defendant has done here -- if the original suit has not been dismissed, the party may file a motion for enforcement. See id. When the underlying cause of action is federal in nature, the motion for enforcement is determined in accordance with federal law. See id.

"Summary enforcement of arm's-length settlements [are] a useful device to hold litigants to their word, but the procedure ought to be reserved for situations in which a struck bargain is admitted or proved, and the basis for nonperformance is insubstantial." Id. at 222. "As a general rule, a trial court may not summarily enforce a purported settlement agreement if there is a genuinely disputed question of material fact regarding the existence or terms of that agreement." Id. If a material fact as to the existence or terms of the agreement exists, the court should take evidence to resolve the contested issues of fact. See id.

Here, the settlement agreement terms are clear and unambiguous. Plaintiff agreed to release all claims relating to the matter and Defendants agreed to make payment of $12,000.00. Significantly, plaintiff has not raised an issue as to the terms of the settlement agreement. Instead, he complains only about its execution. Accordingly, in the absence of any genuine issue

of material fact, the court has the authority to proceed without a hearing.  See Malave, 170 F.3d at 222.  The court turns next to the merits of defendants' motion.

B.  Merits

Settlement agreements, like other contracts, abide by the usual considerations of contract interpretation. See Accusoft Corp. v. Palo, 237 F.3d 31, 39-40 (1st Cir. 2001) (quoting AMF v. Jewett, 711 F.2d 1096, 1102 (1st Cir. 1983)).  "Federal common law includes the common-sense canons of contract interpretation derived from state law."  Peterson v. Warden, N.H. State Prison, No. 14-cv-432-LM, 2018 DNH 188, 2018 U.S. Dist. LEXIS 158243, at *3 (D.N.H. Sept. 17, 2018) (quoting Morias v. Cent. Beverage Corp. Union Emps.' Supplemental Ret. Plan, 167 F.3d 709, 712 (1st Cir. 1999)) (internal quotation marks omitted).  Thus, "[t]he party who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity."  Id. (internal citation and quotation marks omitted).

"In the absence of a showing of fraud, duress, or other circumstances suggesting that the settlement was not knowing or voluntary, the district court need not examine the circumstances surrounding the settlement."  Id. at *4 (quoting Newkirk v. Vill. of Steger, 536 F.3d 771, 774 (7th Cir. 2008)) (internal

5

punctuation and quotation marks omitted). In addition, "an alleged contract cannot be enforced in any form of action if its terms are vague, indefinite and uncertain." Id. (citing Am. Postal Workers Union, AFL-CIO v. Mail Contractors of Am., Inc., No. 1:04-CV-2094-BBM, 2005 WL 8154727, at *3 (N.D. Ga. July 1, 2005)) (internal citation, punctuation, and quotation marks omitted).

Here, neither plaintiff's notice of withdrawal nor his objection to the defendants' motion to enforce suggest that the settlement agreement is invalid in any respect. He does not, for example, indicate that the terms of the agreement are vague, indefinite, or uncertain. Nor does he claim that he entered into the agreement unknowingly or involuntarily. As noted, plaintiff's only relevant contentions are that the check he was issued is "not good" and that delivery of the check was delayed.

"Settlement agreements enjoy great favor with the courts as a preferred alternative to costly, time-consuming litigation." Peterson, 2018 U.S. Dist. LEXIS 158243, at *2 (citing Fid. & Guar. Ins. Co. v. Star Equip. Corp., 541 F.3d 1, 5 (1st Cir. 2008)) (internal citation and quotation marks omitted). As a result, courts are reluctant to vacate a validly negotiated settlement agreement. See id. Here, because plaintiff has not demonstrated any invalidity as to the settlement agreement, he should remain bound by its terms. Moreover, plaintiff does not

6

dispute that he received the settlement check pursuant to the agreement. Whatever the reasons for the delay, plaintiff received the check within a reasonable amount of time.[2]

Although Widi contends that he was unable to cash or deposit the check he received, there is nothing in the record to support his contention that the check is invalid. See, e.g., Oct. 10, 2019 Aff. of Laura Pearson (Doc 191-5) (insurer's treasurer describing check issuing process and including copy of check). Without any supporting detail, such as an affidavit or correspondence from bank personnel, plaintiff's vague representations about being unable to cash the check or being told the check was "no good" do not give him sufficient grounds to avoid enforcement of the settlement agreement he signed on September 17, 2019.

Finally, plaintiff's ascribing nefarious intent to defense counsel's inquiry into dismissal of the case is meritless. See Oct. 7, 2019 Notice of Withdrawal (Doc. No. 190) ¶ 6. Dismissal of the case is a condition of the settlement. The court is persuaded that defense counsel has no intention of filing any documents requesting that the court dismiss the case until such

---

[2] The court notes that plaintiff threatened to back out of the agreement within days of its execution. See Doc. 191-4 at 8.

7

time as all outstanding issues are resolved.  See Def. Mem. (Doc. No. 191-1) at 8.

## Conclusion

For the reasons set forth herein, the undersigned recommends that the district judge assigned to this case grant the defendants' motion to enforce settlement (Doc. No. 191). Should the judge adopt this recommendation, the undersigned further recommends that the district judge or the parties to confer, within fourteen days of the date of the Order approving this recommendation, as to: 1) whether a replacement check is necessary, and if so, 2) plaintiff's preferred method of delivery of the replacement check.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

January 9, 2020

cc: Corey M. Belobrow, Esq.
    David J. Widi, Jr., pro se